IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EDWARD BATTS                                                                                         PLAINTIFF

v.                          Civil No. 1:12-cv-01070

CAMDEN POLICE DEPARTMENT;
CHIEF O'KEEFE; OFFICER MOORE;
and OFFICER DEMOYNE GRAY                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Edward Batts pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Department of Community Corrections Southwest Arkansas Community Correction Center in Texarkana, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.      BACKGROUND

In his Complaint, Plaintiff alleges he was falsely arrested and is being falsely imprisoned. Specifically, Plaintiff claims he was arrested by the Camden Police Department on May 24, 2012 for failure to appear. ECF No. 1, pp. 4-5. However, after Plaintiff arrived at the police department he was informed his arrest warrant was for contempt of court. ECF No. 1, p. 5. The "contempt

1

of court warrant" stated that Plaintiff violated the conditions of his release. ECF No. 1, p. 5. Plaintiff claims he was falsely arrested because his bond agreement stated no contact with Lila Watkins but did not prohibit him from being on Cross Street or Lincoln Drive (presumably Plaintiff is alleging he was arrested for being on Cross Street or Lincoln Drive). ECF No. 1, pp. 5-6. As a result of the arrest Plaintiff's bond was revoked and increased, and the condition prohibiting him from going to Cross Street and Lincoln Drive were added to his bond. ECF No. 1, p. 6. Plaintiff claims these actions violated his constitutional rights because they constitute a false arrest and that he is being falsely imprisoned based on false allegations by the Camden Police and Lila Watkins. ECF No. 1, p. 7.

## II.   DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Here, the Plaintiff's claims challenge his arrest and imprisonment as illegal. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

> authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. A section 1983 claim that would necessarily imply the invalidity of a conviction is premature. *Id.* Thus, Plaintiff's false arrest and false imprisonment claims are not cognizable under section 1983.

Furthermore, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

### III.   CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of January 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE